**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

CIVIL ACTION NO. 20-162-DLB

PAULA ZELESNIK                                                    PLAINTIFF


v.                              **MEMORANDUM OPINION AND ORDER**


STEVE BESHEAR, et al.,                                         DEFENDANTS

*** *** *** ***

Plaintiff Paula Zelesnik has filed a *pro se* Complaint (Doc. # 2), and the Court has granted her Motion to Proceed *In Forma Pauperis* by separate Order.  This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 1915(e)(2).  *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Zelesnik's Complaint lists 18 Defendants (including the Governor of Ohio, the former Governor of Kentucky, the University of Cincinnati, as well as an array of federal, state, and local officials and entities), but makes allegations against none of them. Instead, she makes a confusing allegation about an aircraft engine design that is similar to one produced by General Electric, and states that she "want[s] [her] name off all GE engines commercial and military," as well as from publications by Wright-Patterson Air Force Base.  From there, her Complaint devolves into a string of incomprehensible references to prior threats and criminal charges.  (Doc. # 2).

In these respects, Zelesnik's current submission is not meaningfully different from prior lawsuits she has filed in federal court.  A review of the Court's online PACER database indicates that since 2017, Zelesnik has filed twenty-nine (29) federal lawsuits in

the federal district courts of Kentucky and Ohio and has taken four appeals to the Sixth Circuit.  The United States District Court for the Southern District of Ohio, in dismissing the first of these complaints, described it as "rambling, difficult to decipher, and borders on the delusional."  *Zelesnik v. Univ. of Cincinnati*, No. 1: 17-cv-210-TSB-KLL (S.D. Ohio 2017).  And many of her complaints have repeated the same apparent claims regarding an aircraft engine design.  *See, e.g.*, *Zelesnik v. GE Aircraft Engines*, No. 1: 17-cv-211-SJD-SKB (S.D. Ohio 2017).

After the repeated rejection of her claims by federal courts in Ohio, Zelesnik began filing suit in this Court.  In her prior lawsuits filed in the Eastern District of Kentucky, Zelesnik named a Kentucky official as a defendant with no apparent basis for doing so, as the events giving rise to her claims arose only in Ohio.  All of these complaints were summarily dismissed pursuant to *Apple v. Glenn*, 183 F. 3d 477, 479 (6th Cir. 1999), in which the Sixth Circuit affirmed the sua sponte dismissal a *pro se* complaint for lack of subject matter jurisdiction where the allegations were "totally implausible, attenuated, unsubstantial, frivolous, devoid of merits, or no longer open to discussion."  *Cf. Zelesnik v. Bevin*, No. 2: 18-cv-113-WOB (E.D. Ky. 2018); *Zelesnik v. McConnell*, No. 2: 20-cv-143-JMH (E.D. Ky. 2020); *Zelesnik v. Massie*, No. 2: 20-cv-157-KKC (E.D. Ky. 2020).  Zelesnik's present Complaint is dismissed for the same reasons.

Moreover, the Court finds that sanctions are warranted.  By 2018, after it had repeatedly cautioned Zelesnik that her conduct invited sanctions, the Northern District of Ohio barred her from proceeding *in forma pauperis*.  *Zelesnik v. Ohio*, No. 1: 18-cv-2471-DAP (N.D. Ohio 2018).  In addition, the Southern District of Ohio recently barred Zelesnik from filing any new complaints unless she submits a certified statement from a licensed

attorney that the claims asserted in her proposed complaint are supported by a good faith basis in fact and law.  *Zelesnik v. Rice*, No. 1: 20-CV-56-TSB-SKB (S.D. Ohio 2020) (Doc. # 8 therein).

Zelesnik has filed the same nearly-incomprehensible claims in more than two dozen lawsuits.  In a handful of those cases, Zelesnik has named co-plaintiffs in the complaint who were either fictitious or self-evidently not witting and/or willing participants. Further, in almost all of the cases Plaintiff has filed, she has not provided an accurate mailing address.  Indeed, over the last three years, she has provided nearly a dozen different mailing addresses.  Unsurprisingly, in almost all of her prior cases, the district courts' orders, opinions, and judgments were returned as undeliverable.  Zelesnik repeats that pattern here.  The address given in her Complaint in this case, 801 Plum Street in Cincinnati, Ohio, is the address for City Hall.  The address given in her fee motion—2368 Victory Parkway in Cincinnati, Ohio—is both different from that listed in her Complaint and appears to be the address for a former attorney (either for Zelesnik or for a former adversary).  *See Zelesnik v. Summit Behavioral Healthcare*, No. 1: 19-cv-978-TSB-SKB (S.D. Ohio 2019) (Doc. # 7 therein); *Zelesnik v. Rice*, No. 1: 20-cv-566-TSB-SKB (S.D. Ohio 2020) (Doc. # 10 therein).  Plaintiff's actual address is (or might be) in or near Cleveland, Ohio.  *See Zelesnik v. Bevin*, No. 2: 18-cv-113-WOB (E.D. Ky. 2018) (Docs. # 11 and 12 therein).

Based on Zelesnik's repeated abuse of the right to file suit, appropriate sanctions are warranted.  Zelesnik is proceeding *pro se*, and the Court takes seriously its obligation to afford additional latitude to parties who are not educated or experienced in the eccentricities of the law or its practice.  *Haines v. Kerner*, 404 U.S. 519, 596 (1972).  Yet,

that forgiving approach has never "[been] interpreted so as to excuse mistakes by those who proceed without counsel," *McNeil v. United States*, 508 U.S. 106, 113 (1993), and courts have never allowed "the right of self-representation [to be used as] a license to abuse the dignity of the courtroom." *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975).

It is well established that a court possesses the inherent authority to control proceedings before it, and to take any and all necessary and appropriate steps to manage its docket. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Where a party repeatedly takes actions that interfere with the orderly processing of cases or that undermine the dignity and solemnity of court proceedings, a court may impose appropriate sanctions to prevent such conduct, *Chambers*, 501 U.S. at 45-46, including entry of an order prospectively requiring the vexatious litigant to obtain permission from the Court before filing any new lawsuit, *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *Maxberry v. S.E.C.*, 879 F.3d 222, 224 (6th Cir. 1989). That remedy is appropriate here. *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) ("[I]t is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

Before entering such an order, the Court will afford Zelesnik the opportunity to explain why that sanction should not be imposed. *Cf. Metz v. Unizan Bank*, 655 F.3d 485, 490 (6th Cir. 2011) ("[P]arties should be given notice of the possibility of inherent power sanctions so that they 'can present to the district court those rules or statutes that may be more appropriate.'"). Her response may be in the form of an explanation for her

4

past conduct in mitigation or to interpose factual or legal objections to the proposed restriction. Therefore, within twenty-one (21) days, Zelesnik must file a written response in this case to show cause as to why the Court should not enter an Order requiring her to obtain prior permission from the Chief Judge of this Court before she may file any new civil cases in this Court. The Court will impose the sanction described above if she fails to file a timely response or files a response that does not identify factually and legally sufficient grounds as to why the restriction should not be imposed. Accordingly,

**IT IS ORDERED** as follows:

(1)    Paula Zelesnik's Complaint (Doc # 2) is **DISMISSED**;

(2)    The Court will enter an appropriate judgment; and

(3)    Within twenty-one (21) days, Zelesnik shall **SHOW CAUSE** why the Court should not impose the filing restrictions described above.

This 16th day of November, 2020.

Signed By:

*David L. Bunning*    DB

United States District Judge